UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

UNITED STATES OF AMERICA,  )
                           )
            Plaintiff,     )          2:21-CR-00018-DCLC-CRW
                           )
      v.                   )
                           )
DENLEY SCOTT WILSON,       )
                           )
            Defendant.     )

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence [Doc. 1156]. Pursuant to Standing Order 24-05, Federal Defender Services of Eastern Tennessee has filed a notice that it does not intend to file a supplemental motion at this time [Doc. 1235]. The Government has filed a response in opposition [Doc. 1238]. Because Defendant is not qualified for relief under Amendment 821, this motion is **DENIED**.

**I.     BACKGROUND**

On June 11, 2021, Defendant pleaded guilty to one count of conspiracy to distribute 50 grams or more of methamphetamine and one count of conspiracy to commit money laundering [*See* Docs. 90, 100]. Based on a total offense level of 33 and a criminal history category of II, Defendant's guideline range was 151 to 188 months [Doc. 211, ¶ 100]. The Court sentenced Defendant to 128 months' imprisonment, varying downward by two levels based on the First Step Act's safety valve, because the guidelines had not yet been amended to match the statutory language [Docs. 263, 264]. Defendant is currently housed at FCI Edgefield with a projected release date of July 16, 2029. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited

1

March 25, 2026).  He now seeks a sentence reduction pursuant to Guideline Amendment 821 [Doc. 1156].

## II.     ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted).  Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders").  Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels.  Pursuant to § 4A1.1, status points are eliminated for defendants with six or less criminal history points, and one status point, rather than two, are applied for defendants with more than six criminal history points.

Defendant moves for a sentence reduction under the first part of Amendment 821, U.S.S.G. § 4A1.1.  At the time of sentencing, Defendant received three criminal history points, two of which were status points.  If he were sentenced today, he would receive no status points.  That would reduce his criminal history points from three to one, and his criminal history category would change from II to I.  His amended guideline range is therefore 135 to 168 months.  Because

2

Defendant was sentenced below that amount, he is ineligible for a sentence reduction under Amendment 821. *See United States v. Beckham*, 838 F.3d 731, 734 (6th Cir. 2016) ("straightforward application of § 3582(c)(2), the Guidelines, and circuit precedent precluded the district court from reapplying [a non-substantial-assistance] departure in calculating [the] amended Guidelines range. And because [the] current sentence already falls below that range, the district court could not further reduce [the] sentence."). Law in the Sixth Circuit is clear: U.S.S.G. § 1B1.10(b) precludes district courts from reapplying a departure or variance in a sentence reduction, except for substantial assistance. *United States v. Taylor*, 815 F.3d 248, 250-51 (6th Cir. 2016). Accordingly, Defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

## III. CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 1156] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge

3